**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Alan Berenter,<br><br>    Plaintiff,<br><br>v.<br><br>City of Glendale, et al.,<br><br>    Defendants. | No. CV-16-03576-PHX-JAT (DKD)<br><br>**ORDER** |

Pending before the Court are: Defendants City of Glendale, Debora Black, Rick St. John, Mark Burdick, and Anthony Gavalyas's (the "Glendale Defendants'") Motion to Dismiss, (Doc. 26), and Defendant City of Phoenix's ("Phoenix's") Motion to Dismiss, (Doc. 21). Plaintiff David Alan Berenter has filed responses to each Motion, (Docs. 23; 28), and Defendants have filed respective replies, (Docs. 27; 29). The Court now rules on the Motions.

**I.     BACKGROUND**

On March 11, 2014, a fire broke out at Plaintiff's residence in Glendale, Arizona. (Doc. 1 at ¶ 19). Officers from the Glendale Police Department arrived at the scene and subsequently arrested Plaintiff and charged him with arson. (*Id.* at ¶ 20). Plaintiff remained in custody for "several weeks until he was able to make bail." (*Id.* at ¶ 27). Sometime between March 11, 2014 and September 17, 2014, Defendant Anthony Gavalyas, a Glendale Fire Department arson investigator, conducted an investigation of the fire and concluded that it was caused by arson. (*Id.* at ¶¶ 21–26).

On September 17, 2014, Plaintiff's defense counsel interviewed Defendant Gavalyas, who admitted that he was not certified by the National Fire Protection Association ("NFPA") and did not complete a full investigation according to NFPA standards. (*Id*. at ¶ 29).

On October 16, 2014, the State moved to dismiss the criminal complaint and the motion was granted the following day. (*Id*. at ¶¶ 30–31). Almost two years later, on June 9, 2016, Plaintiff filed a motion to dismiss with prejudice based, at least in part, on an argument that "the State could not prove their case because Mr. Gavalyas's investigation did not meet the [NFPA] standards." (*Id*. at ¶ 32). The state court granted the motion to dismiss with prejudice. (*Id*. at ¶ 33).

Plaintiff filed a complaint with this Court on October 17, 2016 alleging that the prosecution of the criminal complaint caused a loss of personal freedom, physical and emotional pain and suffering, financial hardship, and loss of reputation in his community. (*Id*. at ¶¶ 34, 36). Plaintiff brings his claims "pursuant to 42 U.S.C. § 1983 and the constitution of the state of Arizona, the constitution of the United States, and for state law claims for false arrest, false imprisonment, conspiracy, malicious prosecution, abuse of process, intentional infliction of emotional distress, gross negligence, and invasion of privacy." (*Id*. at ¶ 14).

## II. LEGAL STANDARD

To survive a Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule 8(a)(2). This requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists if the pleader sets forth factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but requires more than a sheer possibility that a defendant acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Federal Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," as "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. at 555 n.3 (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1202, at 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court must construe the facts alleged in the complaint in the light most favorable to the drafter and must accept all well-pleaded factual allegations as true, *Shwarz v. United States*, 234 F.3d at 428, 435 (9th Cir. 2000); *see also Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1053 (9th Cir. 2011). However, a court need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. STATE LAW CLAIMS

Plaintiff alleges that Defendants violated his rights under Arizona law and brings claims for "false arrest, false imprisonment, conspiracy, malicious prosecution, abuse of process, intentional infliction of emotional distress, gross negligence, and invasion of

privacy." (Doc. 1 at ¶ 14).[1] Defendants argue that any state law claims should be barred by Arizona's statute of limitations and notice of claim statutes. (Docs. 26 at 3–10; 21 at 4-5).

Under Arizona law, any action against a public employee "shall be brought within one year after the cause of action accrues and not afterward." Ariz. Rev. Stat. Ann. § 12-821.01 (2015). Additionally, the claimant must file a notice of claim with the public employee or persons authorized to accept service for them within 180 days of the cause of action accruing. *Id.* § 12-821.01(A). The cause of action accrues when the claimant "realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed" to the injury. *Id.* § 12-821.01(B); *see also Sato v. Van Denburgh*, 599 P.2d 181, 183 (Ariz. 1979) (en banc) ("[T]he cause of action accrues when the plaintiff knows, or in the exercise of reasonable diligence should have known, of the defendant's negligent conduct.").

Regardless of the date on which Plaintiff's cause of action accrued, Plaintiff's complaint lacks any indication that Plaintiff provided notice of claim to Defendants. (Doc. 1).[2] Lack of notice of claim is sufficient on its own to justify dismissal of Plaintiff's state law claims. *Falcon ex rel. Sandoval v. Maricopa Cty.*, 144 P.3d 525, 527 (Ariz. 2006) (citing *Salerno v. Espinoza*, 115 P.3d 626, 629 (Ariz. Ct. App. 2005)).

## IV. FEDERAL CLAIMS

Plaintiff also alleges that Defendants violated his constitutional rights under 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). To be valid, "a § 1983 claim requires two essential

---

[1] In his responses, Plaintiff states that he "has not raised any state law claims that need to be dismissed." (Docs. 23 at 1; 28 at 2). The Court is unsure whether Plaintiff is conceding that his complaint raises no state law claims. Nonetheless, because the face of the complaint asserts state law claims, the Court will address their viability.

[2] Indeed, Defendants state that no such notice was provided. (Docs. 21 at 4–5; 26 at 3–4).

elements: (1) the conduct that harms the plaintiff must be committed under color of state law (*i.e.*, state action), and (2) the conduct must deprive the plaintiff of a constitutional right." *Ketchum v. Cty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987) (citing *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)).

The first element of a Section 1983 claim is that the defendants must be acting under color of state law. The Supreme Court has held that "generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to State law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Here, Plaintiff alleges that all Defendants acted under color of state law. (Doc. 1 at ¶ 16). Accepting Plaintiff's allegation as true, Plaintiff has properly pleaded the first requirement for a Section 1983 claim.

The next element to consider in determining whether Plaintiff has adequately pled a Section 1983 claim is whether the conduct alleged of the Defendants deprived Plaintiff's constitutional rights. This deprivation occurs, within the meaning of Section 1983, when a person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

Here, Plaintiff does not explicitly state what the purported constitutional deprivation is in the complaint. (Doc. 1). In their Motions, both the Glendale Defendants and Phoenix argue that Plaintiff has failed to identify which constitutional right was violated and that this lack of specificity is enough to support dismissal. (Docs. 26 at 11; 21 at 3). In his response, Plaintiff specified that he suffered violations "of his Fourth Amendment rights." (Doc. 23 at 5). However, Plaintiff's late realization of the nature of his claims is not enough. *See Frenzel v. Aliphcom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (citations omitted) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Even generously construing Plaintiff's claims, the Court finds they are far too

vague. "To state a federal claim, it is not enough to invoke a constitutional provision or to come up with a catalogue of federal statutes allegedly implicated." *Noatak v. Hoffman*, 896 F.2d 1157, 1166 (9th Cir. 1990) (Kozinski, J., dissenting), *majority opinion rev'd by Blatchford v. Native Vill. of Noatak*, 501 U.S. 775 (1991). "Rather, as the Supreme Court has repeatedly admonished, it is necessary to state a claim that is substantial." *Id.*

Here, Plaintiff alleges the following: (1) being arrested "when the Defendants knew or should have known there were no grounds nor probable cause for his arrest"; (2) the Glendale Police and Fire Departments failed to train their "officers and fire investigators in investigative techniques and procedures"; and (3) Defendants procured groundless charges against him "based upon incomplete, unsupported evidence which the Defendants knew or should have known, was false, unfounded, or untrue." (Doc. 1 at ¶ 35(A), (C), (E)). Given the above facts, the Court can only guess or speculate as to the legal causes of action Plaintiff's complaint intends to invoke. For example, while Plaintiff could possibly be invoking a malicious prosecution claim under the Fourth and Fourteenth Amendments, or a failure to train claim under the Fourteenth Amendment, Plaintiff fails to plead the elements or direct facts giving rise to either claim. *See, e.g.*, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) ("To claim malicious prosecution, a petitioner must allege 'that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right.'" (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995))); *Merritt v. Cty. of L.A.*, 875 F.2d 765, 770 (9th Cir. 1989), *vacated on other grounds*, 490 U.S. 1087 (1989) (summarizing the elements of a failure to train claim as: (1) the existing program is inadequate; (2) the training policy or lack thereof amounts to a deliberate indifference to the rights of people with whom the police come into contact; and (3) the deliberate indifference caused the constitutional violation at issue). This does not meet the standard set in *Twombly* or *Iqbal*. *See Twombly*, 550 U.S. at 555 (holding that a defendant must have "fair notice of what the . . . claim is and the grounds upon which it rests."); *see also Iqbal*, 556 U.S. at 678

(recognizing that Federal Rule 8's pleading standard demands more than an "unadorned, the defendant-unlawfully-harmed-me accusation.").

Further, the Court is prevented from deciphering Plaintiff's complaint using reasonable inferences because the complaint is vague as to which of the Defendants fall under each claim. For example, Debora Black, Rick St. John, and Mark Burdick are listed as Defendants in the complaint but then never mentioned again, either by name or job title, in the remainder of the complaint, leaving Defendants and the Court to guess what is being alleged against them. (Doc. 1). In another example, the complaint claims that Phoenix police officers arrested Plaintiff and then on the next page states that "Plaintiff was arrested by representatives of the Defendant Glendale PD." (*Id.* at ¶¶ 11, 20). These two facts are contradictory on their face, and while there may be facts that could reconcile the two statements, it is not the job of this Court to guess as to what they are.

Ultimately, the Court finds that the facts as alleged do not support Plaintiff's claims. The facts, pled as vaguely as they are, allow multiple interpretations of the facts and how Plaintiff might be entitled to relief. Some of these interpretations might make Plaintiff's claim possible, but possible is not enough. Plaintiff must allege facts that will raise a claim from possible to plausible. Without the required plausibility, the Court finds Plaintiff's claims insufficient to survive Defendants' Motions.

## V. LEAVE TO AMEND

Both the Glendale Defendants and Phoenix have requested that the Court dismiss claims against them without leave to amend. (Docs. 26 at 14; 21 at 5). Plaintiff had the right to amend the complaint as a matter of course within 21 days after Defendants filed their Motions under Federal Rule 15(a). Plaintiff did not exercise this right. Instead, in his response, Plaintiff has requested leave to amend the complaint and cure its deficiencies if possible. (Doc. 28 at 6–7).

When considering a plaintiff's request for leave to amend, the Court must consider the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended his

complaint. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). In the absence of such reasons, "the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Also, "dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).

The Court finds that it is not clear that amendment would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Plaintiff could possibly make an argument for an exception to the state law claim statute of limitations and notice of claim requirements because they are procedural requirements and therefore "subject to waiver, estoppel, and equitable tolling." *Manriquez v. City of Phoenix*, No. CV11-01981-PHX-DGC, 2012 WL 1985640, at *2 (D. Ariz. June 4, 2012) (citing *Pritchard v. State*, 788 P.2d 1178, 1181 (Ariz. 1990)). With regard to his federal claims, Plaintiff could amend the claim by clearly identifying what claims are being raised, specifying which claims apply to which Defendant, and alleging sufficient facts to support those claims rather than asserting legal conclusions as facts. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Accordingly, the Court grants Plaintiff leave to amend all claims.

*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*

## VI. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** withdrawing the reference to the Magistrate Judge for Docs. 26 and 21.

**IT IS FURTHER ORDERED** granting Defendants City of Glendale, Debora Black, Rick St. John, Mark Burdick and Anthony Gavalyas's Motion to Dismiss. (Doc. 26).

**IT IS FURTHER ORDERED** granting Defendant City of Phoenix's Motion to Dismiss. (Doc. 21).

**IT IS FURTHER ORDERED** dismissing Plaintiff's complaint. (Doc. 1). Plaintiff may file an amended complaint within 21 days of this Order. If Plaintiff fails to comply with this Order, the Clerk of the Court shall dismiss the entirety of Plaintiff's complaint with prejudice.

Dated this 26th day of June, 2017.

James A. Teilborg
Senior United States District Judge